**Spiro ANAST, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Appellee.**

**No. 84–5026.**

United States Court of Appeals, Eighth Circuit.

Submitted June 27, 1984.

Decided July 30, 1984.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Spiro Anast appeals from a final judgment entered in the District Court[1] for the District of Minnesota denying his petition for habeas corpus relief under 28 U.S.C. § 2241. Anast pleaded guilty in the United States District Court for the Northern District of Illinois to conspiracy, traveling interstate with intent to commit arson, and interstate transportation of explosives with intent to commit arson, and was sentenced to eight years imprisonment. At the time

---

**1.** The Honorable Donald D. Alsop, United States    District Judge for the District of Minnesota.

he commenced this action he was incarcerated at Sandstone Federal Correctional Institution. For reversal Anast argues that the Parole Commission's decision setting his presumptive parole date above the applicable guidelines constituted an abuse of discretion and failed to satisfy the "good cause" requirement of 18 U.S.C. § 4206(c).[2] For the reasons discussed below, we affirm the judgment of the district court.

The Parole Commission rated Anast's offense as "Greatest I severity" and gave him a salient factor score of 10, the highest possible. The guidelines, 28 C.F.R. § 2.20, provided that he should be considered for parole after serving 40–52 months. The Parole Commission set a prospective parole date at 40 months. Anast challenged the severity rating, arguing that the buildings he had conspired to burn were unoccupied. The National Appeals Board (NAB) agreed and reduced the severity rating to "Very High Severity." The guidelines provided that the range of sentence for Very High Severity offenses was 24–36 months. The NAB, however, decided to exceed the guidelines and left Anast's prospective parole date at 40 months. The NAB explained:

> After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a worse risk than indicated by your salient factor score in that by your own admission in a taped conversation you admitted to having burned a restaurant in Indiana and a building owned by your brother. Although the buildings you contracted to burn in the instant offense were not occupied, you illustrated a callous disregard for potential harm inasmuch as you stated that if a victim should enter the building prior to an explosion, such a victim w·ld be "in big trouble."

Anast then sought habeas corpus relief in federal district court, alleging that the Parole Commission abused its discretion in exceeding the guidelines because the Parole Commission lacked "good cause" for its action as required by 18 U.S.C. § 4206(c). The district court referred the matter to a magistrate, who determined that the NAB acted within its discretion. The district court adopted the magistrate's report and recommendation after conducting a de novo review. This appeal followed.

Anast renews on appeal his argument that the Parole Commission's decision to exceed the guidelines was an abuse of discretion and failed to satisfy the "good cause" requirement of 18 U.S.C. § 4206(c). The Parole Commission may take into consideration any substantial information available to it in establishing a prisoner's salient factor score, offense severity rating, and any aggravating or mitigating circumstances. 28 C.F.R. § 2.19(c). The presence of aggravating or mitigating circumstances may justify a decision or severity rating outside the guidelines. *Id.* § 2.19(d), .20, Chapter 13, Subchapter A, notes 5, 6. The prisoner must be apprised of this information and afforded an opportunity to respond, with the Commission resolving any disputes about the accuracy of the information by a preponderance of the evidence standard. *Id.* § 2.19(c).

Anast contends that his admissions about burning other buildings were mere puffing for the purpose of impressing potential clients. As the magistrate aptly observed:

> It is not this Court's place to reweigh petitioner's credibility, i.e., to decide on which occasion petitioner lied regarding his background as an arsonist. Petitioner was afforded the opportunity to refute evidence implicating him in other crimes. The National Appeals Board acted within its discretion to find more credible statements made by petitioner at a time when he was not seeking favorable parole treatment.

Anast further argues that his statement that a victim entering a building prior to an

---

**2.** 18 U.S.C. § 4206(c) provides:

The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing:

*Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.

explosion would be "in big trouble" was no more than a declaration of the obvious and not evidence of callous disregard for human life. The Parole Commission Hearing Summary reveals that even though the burned building was empty, no information existed showing that the building had been searched to ensure it was empty. The dispute here is not over what Anast said, but the legal effect of his statement. In the circumstances, we find the Parole Commission was justified in relying on this statement to exceed the guidelines.

Finally, Anast emphasizes that the aggravating circumstances cited by the Parole Commission to exceed the guidelines were barely mentioned when his offense severity rating was Greatest I. He notes that he was placed at the bottom of the scale under Greatest I, but when his offense severity rating was reduced, he was given a parole date exceeding the guidelines. We do not believe the Parole Commission abused its discretion. The Parole Commission made the necessary findings and established on the record good cause for its decision. Anast had the opportunity to respond and explain if he could the information the Parole Commission was relying upon in making its parole determination.

Accordingly, the judgment of the district court is affirmed.